UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**BENNIE L. GAMBLE, JR.**                                                                          **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION NO. 5:12CV-P121-R**

**PADUCAH POLICE DEPT.** *et al.*                                                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Bennie L. Gamble, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff reports that he is a pretrial detainee at the Northpoint Training Center. He brings suit against the Paducah Police Dept.; Paducah Police Dept. Officers/Det. Gary Reese and Danny Carroll; McCracken Circuit Court Judge Jeffery R. Hines; McCracken District Court Judge Craig Clymer; McCracken Circuit Court "Prosecutor/Judge" Timothy Kaltenbach; and the Dept. of Public Advocacy. He sues Defendants in their individual and official capacities.

In the complaint, Plaintiff sets out his statement of claim in four numbered paragraphs. First, he states that in September 1997, he was arrested in "Tx City, Tx" and taken to the McCracken County Jail by Defendants Reese and Carroll. He reports being accused of murder and 1st-degree robbery, going to trial, and being convicted in 1999. Second, Plaintiff reports filing a direct appeal to the Kentucky Supreme Court, where the conviction was reversed and remanded for a new trial, "violating my right to Equal Protection under the Equal Protection Clause, pursuant to the U.S. Constitution, Am-Jur., and KY Constitution, as well as my civil

rights." Third, Plaintiff also alleges that his "common Law and Private Rights pursuant to Article IV and Article VI are still being violated and aggregiously and grossly neglected in accordance and pursuant to 28 USC Title 18. Fourth, and finally, Plaintiff reports filing a federal habeas petition pursuant to 28 U.S.C. § 2254, which he states is pending on appeal in the "U.S. Court of Appeals for the District of Columbia Circuit, case no. 12-5230. Originating case no. in the U.S. District Court, Western District of Kentucky . . . 5:12-CV-00101-TBR,[1] transferred from case no. 7:12-cv-0076-ART."

As relief, Plaintiff seeks $2 Billion in both monetary and punitive damages, immediate release, and "prosecution to the full extent of the law."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

---

[1] Review of this Court's records reveals that by Order entered July 31, 2012, Action No. 5:12CV-101-R was administratively closed and the documents therein were transferred to Action No. 5:12CV-P85-R, an earlier filed, identical action. Thereafter, by Memorandum Opinion and Order entered September 26, 2012, Action No. 5:12CV-P85-R was dismissed for failure to prosecute and to comply with a prior Order of this Court.

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. Individual-Capacity Claims Against Defendants Reese and Carroll

The statute of limitations for § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of

limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff alleges that Defendants Reese and Carroll took him from Texas to the McCracken County Jail in September 1997. The statute of limitations for Plaintiff's § 1983 claims against those Defendants, therefore, expired one year later in September 1998. Plaintiff did not file the current action until August 9, 2012,[2] well over a decade after the statute of limitations expired. As such, any claims Plaintiff attempts to bring against Defendants Reese and Carroll are time barred.

### B. Defendants Paducah Police Dept. and Official-Capacity Claims Against Defendants Reese and Carroll

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claims against Defendants Reese and Carroll, therefore, are actually against the City of Paducah. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). Similarly, the claims against the Paducah Police Dept. must also be brought against the City of Paducah as the real party in interest. *Cf. Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)

---

[2] Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Id.*

(since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against Fiscal Court and Judge Executive is a suit against the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff has not alleged any city policy or custom that caused his alleged harm.  Nothing in the complaint demonstrates any actions that occurred as a result of a policy or custom implemented or endorsed by the City of Paducah.  Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983

claim against the Paducah Police Dept. and Defendants Reese and Carroll in their official capacities.

### C. Defendants Hines, Clymer, and Kaltenbach

#### 1. Official-capacity claims

The Court will dismiss these claims on two bases.

First, Defendants Hines, Clymer, and Kaltenbach, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment); *CH, ex rel. Watkins v. Dvorak*, No. 3:08cv0379-AS-CAN, 2009 WL 500532, at *3 (N.D. Ind. Feb. 27, 2009) (finding Indiana prosecutors entitled to Eleventh Amendment immunity).

Second, none of the Defendants sued in their official capacities for damages are "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Consequently, the § 1983 official-capacity claims for damages against Defendants Hines, Clymer, and Kaltenbach in their official capacities for damages will be dismissed for failure to

state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### 2. Individual-capacity claims

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983). A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). This means that Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Plaintiff alleges no facts involving Defendants Hines, Clymer, and Kaltenbach; he merely identifies them as Defendants in the caption of the complaint and in the parties section of the

complaint. He, therefore, fails to give these Defendants fair notice of the claims against them and the grounds upon which they rest. Consequently, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Hines, Clymer, and Kaltenbach.

### D. Defendant Dept. of Public Advocacy

Plaintiff additionally alleges no facts involving the Dept. of Public Advocacy and, therefore, does not give this Defendant fair notice of his claims against it and the grounds upon which they rest. Further, the Dept. of Public Advocacy is an independent agency of state government, *see* Ky. Rev. Stat. Ann. § 31.010, and it is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, the claims against the Dept. of Public Advocacy must be dismissed for failure to state a claim upon which relief may be granted.

### E. Injunctive relief

Plaintiff seeks immediate release and "prosecution to the full extent of the law."

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff, therefore, cannot obtain an immediate release in a § 1983 action.

To the extent Plaintiff wants Defendants prosecuted, this request also fails as "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S.

683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

      For all the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date:

cc:    Plaintiff, *pro se*
        Defendants
4413.005